UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

Frank Schwartz,

    *Plaintiff*

– against –

The Chubb Institute and
The Chubb Corporation,

    *Defendants*

---

Alex T. Roshuk (AR4070)
Attorney for Plaintiff

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
File No.: APR 28 2005
BROOKLYN OFFICE

Jury Trial Demanded

CV 2083

POHORELSKY, M.J.    GARAUFIS, J.

Plaintiff, by counsel, says:

1. This is an action that arises under the *U.S. Copyright Act*, U.S.C. Title 17 as hereinafter more fully appears.

2. That Plaintiff Frank Schwartz who was then and has ever been a citizen of the United States in or about 1996 created and executed an original work of performance art and dance choreography being then fixed on videotape and known as "Crazy Dance."

3. This performance work, "Crazy Dance" is an original creative work of the plaintiff who is an artist and performer and is copyrightable subject matter under the laws of the United States.

4. Between November 17, 2003 and August 18, 2004 plaintiff complied in all respects with the Copyright Act and all other laws governing copyright, and secured the exclusive rights and privileges in and to the copyright of said work and received from the Registrar of Copyright a certificate of registration, dated and identified as follows: August 18, 2004, Class: PAu2-932-384.

Page 1 of 3

5. Since 1996 until the present the plaintiff Frank Schwartz has been and still is the sole proprietor of all rights, title and interest to and in the copyright in said work.

6. Since 1996 and continuing until at least November 18, 2002 defendants infringed said copyright by publishing and placing upon the market a videotape recording of plaintiff's work with additional written titles superimposed thereon creating a television commercial advertising the defendants' educational services on various television broadcast channels including local NYC television broadcast channels WNYW-TV 5 and WPIX-TV 11. A copy of said broadcast is attached hereto and made a part hereof as Exhibit A (submitted to the Clerk's Office in hard copy only).

7. Said broadcasts, which were transmitted at least 100 hundred times, were distributed to a potential viewing audience in the Metropolitan New York area in excess of ten million viewers, not including viewers who may have access to said stations via satellite or via cable television.

8. Said infringement was willful and caused injury and damage to the artist's good name, public esteem and reputation.

9. Plaintiff did not enter into any contract with defendants or any other third party granting any kind of license or any right or license to use plaintiff's original creative work to advertise defendants' educational services or name and plaintiff received no compensation for his performance or his creative work exploited in said television commercial through defendants unfair trade practices and unfair competition.

10. Plaintiff has notified defendant that infringement of plaintiff's copyright has occurred.

*WHEREFORE PLAINTIFF DEMANDS:*

(1) That defendants, their agents, and servants be enjoined during the pendency of this

action and permanently from infringing said copyright of said plaintiff in any manner, and from publishing, selling, marketing or otherwise disposing of any copies of said videotape.

(2) That defendants be required to pay to plaintiff such damages as plaintiff Frank Schwartz has sustained in consequence of defendants' infringement of said copyright including such damages that prejudice the honor, reputation and standing of plaintiff Frank Schwartz:

(a) all gains, profits and advantages derived by defendant by said trade practices and unfair competition and

(b) all gains, profits and advantages derived by defendants by their infringements of plaintiff's copyright as actual damages for an unspecified sum and/or such statutory copyright damages as to the Court shall appear proper within the provisions of the Copyright Act but not less than one hundred fifty thousand dollars ($150,000) for the willful infringement.

(c) that defendants pay to plaintiff the costs of this action and attorney's fees to be allowed to the plaintiff Frank Schwartz by the Court under §505 of the Copyright Act.

(3) That defendants be required to deliver up to be impounded during the pendency of this action all copies of said videotape in their possession or under their control and to deliver up for destruction all infringing copies and all intermediate work copies and other matter for making such infringing copies.

Dated: April 20, 2005

_____
Alex T. Roshuk (AR4070)
Attorney for Plaintiff
325 Eighth St
Brooklyn NY 11215-3313
+1(718)788-6696

To:

The Chubb Institute
498 7th Avenue, 17th Floor
New York, NY 10018

The Chubb Corporation
15 Mountain View Road
P.O. Box 1615
Warren NJ 07061-1615

UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------- /

Frank Schwartz,

              *Plaintiff*

– against –

The Chubb Institute and
The Chubb Corporation,

              *Defendants*

CV File No.: 05 CV __2083__

Exhibit A

GARAUFIS, J.

POHORELSKY, M.J.

------------------------------------------------- /
Alex T. Roshuk (AR4070)
Attorney for Plaintiff
------------------------------------------------- /

**NOTICE REGARDING THE FILING OF AN EXHIBIT IN HARD COPY FORM**

Exhibit A, in support of the complaint in the above action which was electronically filed on April ___, 2005 is being filed hard copy and will be maintained in the case file the Clerk's Office.

                                    /s/ Alex T. Roshuk

                                    Alex T. Roshuk (AR4070)
                                    *Attorney for Plaintiff*
                                    325 Eighth St
                                    Brooklyn NY 11215-3313
                                    +1(718)788-6696

Dated: April ____, 2005